In re J.D. ALLEN, Debtor.

Kenneth L. SPEARS, Trustee,
Plaintiff–Appellant,

v.

MICHIGAN NATIONAL BANK,
Defendant–Appellee.

No. 88–1908.

United States Court of Appeals,
Tenth Circuit.

Nov. 2, 1989.

Kenneth L. Spears and Derice A. Madoux of Kenneth L. Spears, P.C., Oklahoma City, Okl., for plaintiff-appellant.

G. Blaine Schwabe, III and J. Eric Ivester of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, P.C., Oklahoma City, Okl., for defendant-appellee.

Before HOLLOWAY, Chief Judge, SETH and BARRETT, Circuit Judges.

SETH, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The appellant, a trustee of the debtor in bankruptcy, appeals the judgment of the United States District Court for the Western District of Oklahoma affirming the bankruptcy court's decision to grant summary judgment in favor of the appellee, Michigan National Bank. The district court's grant of summary judgment should be affirmed if there are no issues of material fact and the moving party is entitled to a judgment as a matter of law. *Baker v. Penn Mutual Life Insurance Co.*, 788 F.2d 650 (10th Cir.). The obligations of the parties are also described in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

The issue presented by this appeal is whether the trustee for the debtor's bankruptcy estate can avoid a preferential transfer of the debtor's interest under a Purchase and Escrow Agreement pursuant to 11 U.S.C. § 547(b). If so, a secondary issue is whether the transfer from the debtor to Michigan National Bank falls within the "contemporaneous exchange" exception to the avoidance powers of the trustee in bankruptcy under 11 U.S.C. § 547(c). We conclude that Michigan National Bank properly perfected its security interest in the debtor's rights under the Purchase and Escrow Agreement. Additionally, under the facts of this case, the transfer meets the "contemporaneous exchange" exception of 11 U.S.C. § 547(c). We therefore affirm the judgment of the district court.

The debtor J.D. Allen entered into a Purchase and Escrow Agreement with Vail Village in which the debtor agreed to purchase, subject to certain conditions, a condominium in Colorado should it be built sometime in the future. There was apparently no obligation on the part of Vail Village to build the condominium. The only remedy of the debtor under the Agreement was to have his money returned. There was no right of specific performance. There was no specific piece of land de-

scribed, no map and no declarations had been filed. The security interest was in the funds in escrow.

Prior to bankruptcy, the debtor financed the purchase by a loan from Penn Square Bank and delivering to it a promissory note in the amount of $496,100.00. That sum was delivered into escrow pursuant to the Purchase and Escrow Agreement. Subsequently, Michigan National Bank and Penn Square Bank executed a participation agreement whereby Michigan National Bank was assigned and participated in $496,000.00 of the total amount loaned to the debtor. On August 23, 1982 the debtor and Michigan National Bank entered into a "Loan Agreement" where the debtor executed an assignment granting Michigan National Bank a security interest in the debtor's rights under the Purchase and Escrow Agreement. Michigan National Bank then filed a financing statement in Oklahoma County, Oklahoma. On December 2, 1982 the debtor conveyed to Michigan National Bank all of his "rights, interest and title" under the Purchase and Escrow Agreement and obtained, at that time, an additional $75,000 from Michigan National Bank. This is the "transfer" hereinafter referred to.

Approximately three months later, an involuntary petition in bankruptcy was filed against the debtor. The trustee filed a complaint to avoid what it considered to be a preferential transfer alleging that the debtor's conveyance to Michigan National Bank constituted an avoidable transfer under 11 U.S.C. § 547(b). The bankruptcy court granted Michigan National Bank's motion for summary judgment and held that the Purchase and Escrow Agreement was a "general intangible" as defined under Article 9 of the Uniform Commercial Code and that Michigan National Bank had properly perfected its security interest in the agreement by filing the financing statement. Moreover, the bankruptcy court also held, in the alternative, that the transfer met the "contemporaneous exchange" exception to Section 547(c) as found in 11 U.S.C. § 547(c). On appeal, the district court affirmed, and the trustee appealed to this court.

Title 11 U.S.C. § 547(b) enumerates five elements which the trustee must prove to avoid a preferential transfer. *In re George Rodman, Inc.*, 792 F.2d 125 (10th Cir.). There is no issue as to whether the trustee has sustained its burden in proving the first four elements under Section 547(b). Rather, Michigan National Bank asserts that the trustee cannot prove the fifth element under Section 547(b) which provides that the trustee can avoid the transfer of an interest of the debtor in property that enables such creditor to receive more than such creditor would receive if the case was under Chapter 7 of this title, and the transfer had not been made (this "transfer" refers to the outright transfer/assignment of the entire contractual rights of the debtor under the Agreement), and such creditor received payment of such debt to the extent provided by the provisions of this title. 11 U.S.C. § 547(b).

Whether the trustee has proved the fifth element under Section 547(b) is determined in part by whether or not the debtor's interest under the Purchase and Escrow Agreement is a security interest which can be perfected by the filing requirements of Oklahoma's Uniform Commercial Code. Okla.Stat.Ann. tit. 12A, § 9–103.1 (1963 & Supp.1989). The trustee asserts that the Purchase and Escrow Agreement is a contract for deed that gives the debtor an interest in real property, which, for Michigan National Bank to properly perfect must be recorded under the laws of Colorado where the land is located, and if Michigan National Bank did not properly so perfect its security interest, Michigan National Bank would occupy a subordinate position relative to the trustee with respect to the condominium pursuant to 11 U.S.C. § 544. Therefore, the trustee further asserts that since the trustee would have superior rights in the condominium, *the transfer* of the condominium to Michigan National Bank would enable it to receive more than it would be entitled to in a liquidation under Chapter 7 of the Bankruptcy Code. We cannot agree with these contentions of the trustee.

■ After reviewing the Purchase and Escrow Agreement, we agree with the district and bankruptcy courts that the debtor's interest in the Agreement was a "general intangible" which was properly perfected by Michigan National Bank when it filed the financing statement in Oklahoma. Article 9 of the Uniform Commercial Code as defined in Okla.Stat.Ann. tit. 12A, § 9–102 (West Supp.1989), applies

"to any transaction, regardless of its form, which is intended to create a security interest in personal property ... [and to] security interests created by contract...."

Moreover, Article 9 does not apply "to the creation or transfer of an interest in ... real estate." Okla.Stat.Ann. tit. 12A, § 9–104(j) (West Supp.1989).

Here, the debtor in the Loan Agreement assigned to Michigan National Bank a security interest in the debtor's rights under the Purchase and Escrow Agreement, and several months later assigned all his interest in the Agreement to Michigan National Bank. The debtor's interest under the Agreement was contractual, emanating from the debtor's right to receive and apply the escrowed funds to the purchase of the condominium if built. Michigan National Bank's security interest attached to the collateral in existence at the time, the escrowed funds. Moreover, the debtor did not have a deed of trust or interest in real property which could have been conveyed to Michigan National Bank. Rather, the Purchase and Escrow Agreement memorialized an arrangement whereby the debtor could, at a future time and subject to certain contingencies, decide to purchase the condominium if and when it came into existence. Until that time, the escrow agent would hold the funds in escrow.

Since the debtor's interest in the Purchase and Escrow Agreement was not a contract for deed, the doctrine of equitable conversion does not apply. The fact that the debtor's contract right stemmed from an agreement involving the purchase of land does not change the nature of the transaction. *See Equitable Development Corp. v. Wingold,* 617 F.2d 1152 (5th Cir.);

Official Comment to Okla.Stat.Ann. tit. 12A, § 9–102. Moreover, courts have distinguished an interest in real estate from an assignment of a contractual interest which is given by the debtor to a bank as security by holding that the assignment is a "contract right" under Section 9–102 of the Uniform Commercial Code. *See Equitable Development Corp. v. Wingold,* 617 F.2d 1152 (5th Cir.); *Southwest National Bank v. Southworth,* 22 B.R. 376 (Bankr.D.Kan.).

The official comment to Okla.Stat.Ann. tit. 12A, § 9–106, states that the term "general intangible" includes "miscellaneous types of contractual rights and other personal property which are used or may become customarily used as commercial security." Other courts have found that a contract right stemming from the assignment of a debtor's interest under a contract for deed was a "general intangible" under Section 9–106. *See Equitable Development Corp. v. Wingold,* 617 F.2d 1152 (5th Cir.); *In re D.J. Maltese, Inc.,* 42 B.R. 589 (Bankr.Mich.). Thus, the district and bankruptcy courts did not err in finding that the debtor's contract right was a "general intangible" which was properly perfected by Michigan National Bank under Oklahoma law by filing a financing statement.

■ The district court did not err in its finding that the conveyance from the debtor to Michigan National Bank meets the "contemporaneous exchange" exception to avoidable transfers under 11 U.S.C. § 547(c)(1). Section 547(c)(1) states:

"(c) The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to ... be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange...."

In the case of *In re Rodman,* 792 F.2d 125 (10th Cir.), this court held that the "new value" requirement under the Bankruptcy Code should be construed liberally and that the valuation of the transfer is not a con-

sideration. Rather, the value of the transfer should be scrutinized under the Bankruptcy Code's fraud provisions contained in 11 U.S.C. § 548(a). *In re Rodman*, 792 F.2d at 128.

The record shows that at the time the debtor conveyed his interest under the Purchase and Escrow Agreement to Michigan National Bank, the debtor received $75,000 from Michigan National Bank. The trustee has not alleged fraud in connection with the conveyance.

AFFIRMED.